UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TODD PANELLA, | 1: 06 CV 00795 OWW WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 7, 8] |
| JOHN MARSHALL, Warden, | Answer due in 60 days |
| Respondent._____/ | |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

      On October 19, 2000, Petitioner was convicted of first degree murder. The trial court sentenced Petitioner to serve an indeterminate state prison sentence of 25 years to life with the possibility of parole. Petitioner filed a direct appeal from the judgment of conviction and the California Court of Appeal for the Fifth Appellate District ("Court of Appeal") affirmed the conviction on December 27, 2002. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on March 19, 2003.

      Petitioner subsequently filed two pro se state post-conviction collateral challenges:

<u>First Petition</u>

June 11, 2004: Petition for writ of habeas corpus filed in Kern County Superior Court

December 17, 2004: Petition denied

<u>Second Petition</u>

August 15, 2005: Petition for writ of habeas corpus filed in California Supreme Court

June 21, 2006: Petition denied, citing to <u>People v. Duvall</u>, 9 Cal 4th 464, 474 (1995)

Petitioner filed the present petition on June 22, 2006.

## LEGAL STANDARD

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

//

//

//

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

//

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1  In this case, the California Supreme Court denied Petitioner's petition for review on March 19, 2003. The time to seek review ended on June 17, 2003, when the 90-day deadline for filing a petition for writ of certiorari with the United States Supreme Court expired. The one-year limitations period therefore commenced running the next day - June 18, 2003. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed.R.Civ.Pro 6(a)). Thus, absent any tolling, the last day for filing a federal habeas petition was on June 17, 2004.

As stated, the statute of limitations began running on June 18, 2003. Petitioner filed his first state habeas corpus petition on June 11, 2004. Thus, 359 days elapsed before Petitioner filed his first petition.[1] Respondent does not argue that the first petition was improperly filed. He therefore concedes that Petitioner is entitled to tolling from June 11, 2004, through December 17, 2004 when the first petition was denied. See Pace v. DiGuglielmo, 544 U.S. 408 (2005)("[w]hen a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2)").

Respondent does argues, however, that Petitioner is not entitled to tolling pursuant to 28 U.S.C. § 2244(d)(2) during the time between the denial of Petitioner's first state petition and the filing of his second state petition. Noting that eight months (242 days) expired after the denial of the first petition before Petitioner filed his second petition, Respondent argues that this delay was unreasonable and that Petitioner is therefore not entitled to interval or gap tolling between his two petitions. Respondent concludes, therefore, that the statute of limitations expired on December 24, 2004, long before Petitioner filed his petition with the California Supreme Court on August 15, 2004.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is

---

[1] Because Petitioner was represented by counsel during his first state habeas proceeding, he does not benefit from the mailbox rule. See Rule 3(d) of the Rules Governing Section 2254 Cases.

1 filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v.
2 Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v.
3 Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The
4 Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition
5 to file at the next appellate level reinforces the need to present all claims to the state courts first and
6 will prevent the premature filing of federal petitions out of concern that the limitation period will end
7 before all claims can be presented to the state supreme court. Id. at 1005. The limitations period
8 does not, however, toll for the time during which a petition for writ of habeas corpus is pending in
9 federal court. Duncan v. Walker, 121 S.Ct. 2120 (2001).

10       The U.S. Supreme Court determined in Carey v. Saffold, 122 S.Ct. 2134 (2002), that under
11 California's collateral review process, the intervals between a lower court decision and the filing of a
12 new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140.
13 Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.
14 The Supreme Court examined this principle in light of California's unique original writ system
15 where the timeliness of a petition is determined according to a "reasonableness" standard. Carey v.
16 Saffold, 122 S.Ct. at 2139. Thus, the California Supreme Court's denial of the petition "on the
17 merits and for lack of diligence" cannot, by itself, indicate that a petition is timely under California's
18 reasonableness standard. Id. at 2141 (explaining that there are a variety of reasons why the California
19 Supreme Court may have included the words "on the merits," and therefore those words cannot by
20 themselves indicate that the petition was timely). The Court further explained that had the California
21 Supreme Court "clearly ruled that Saffold's 4 ½ – month delay was 'unreasonable,' that would be the
22 end of the matter" and the petition would not be pending for purposes of tolling. Id. at 2141. In
23 other words, where a California prisoner delayed "unreasonably" in seeking further review of his
24 petition, he is not entitled to tolling under § 2244(d)(2). Saffold was remanded back to the Ninth

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  Circuit to determine whether Saffold's 4 ½ month delay between state habeas petitions was
2  unreasonable and therefore, insufficient for statutory tolling.  Id.
3         In response to Respondent's arguments, Petitioner contends that he is entitled to gap
4  tolling under Section 2244(d)(2) for the period between his two state petitions.  That is, Petitioner
5  argues that the eight-month delay between the denial of his first petition and the filing of his second
6  petition was reasonable and that he is therefore entitled to statutory tolling during that time period.
7  Specifically, Petitioner contends that after the Superior Court denied the first petition, it was
8  necessary for him to review the Superior Court's lengthy order, conduct additional legal research and
9  to do more investigation in order to determine whether there were any legal or factual developments
10 in the interim that needed to be brought to the attention of a higher court.  Petitioner alleges that his
11 additional research resulted in the discovery of further support for his arguments in the form of a new
12 ruling by District Judge Anthony W. Ishii in Carrera v. Warden Brown, CV-90-478-AWI, Order of
13 10/4/04.  Petitioner explains that it was necessary to assemble the record to present to the California
14 Supreme Court, because unlike in the case of an appeal, the record on habeas is not assembled by the
15 Clerk, but must be provided to the higher court by the petitioner.[1]  He also explains that it was of
16 course necessary to draft the memorandum of points and authorities in support of his second petition.
17 Petitioner claims that the eight-month delay is less than the time it would have taken to produce
18 comparable briefing if California provided for the filing of a mere notice of appeal in habeas cases.
19 Finally, Petitioner points out that the California Supreme Court denied his petition  pursuant to
20 Duvall,  which indicates dismissal for failure to state a prima facie case, not dismissal for
21 untimeliness.
22        In light of the above, the court cannot find that the eight-month gap between the denial of
23 Petitioner's first state petition and the filing of his second state habeas petition was unreasonable.
24 Accordingly, the court concludes that Petitioner is entitled to statutory tolling for the interval
25 between June 11, 2004, when he filed his first petition, and June 21, 2006, when the California
26 Supreme Court denied his second petition.  As stated above, 359 days of the limitations period

---

[1] Petitioner states that the record of the superior court habeas proceedings in this case comprised 1302 pages in five volumes, and provides a supporting exhibit.

1  elapsed before Petitioner filed his first petition. The statute began running again on June 22, 2006,
2  the very day that Petitioner filed the present petition. The court finds, therefore, that this petition was
3  timely filed within the statute of limitations.[2]
4      Accordingly, IT IS HEREBY ORDERED as follows:
5  1)    Respondent's motion to dismiss is DENIED;
6  2)    Respondent shall submit a response to the merits of this petition within sixty (60) days of the
7      date of service of this order. Petitioner shall have thirty (30) days following service of
8      Respondent's response to the petition within which to file a reply.

---

[2] Because the court has reached this conclusion, it finds it unnecessary to address Petitioner's contentions regarding equitable tolling or actual innocence.

1  IT IS SO ORDERED.

2  **Dated:   February 15, 2008**                **/s/ Oliver W. Wanger**
                                                 UNITED STATES DISTRICT JUDGE